# EXHIBIT 1

CSL

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

AMERICAN NORTHWEST DISTRIBUTORS, INC.,

NO. 22-2-12506-3 SEA

Plaintiff,

**SUMMONS**

v.

FOUR ROSES DISTILLERY, LLC, a Kentucky, limited liability company,

Defendant.

THE STATE OF WASHINGTON TO:  Defendant

**TO THE DEFENDANT:**  A lawsuit has been started against you in the above-entitled court by Plaintiff, American Northwest Distributors, Inc. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days (or 60 days if you are served outside of the state of Washington) after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what has been asked for because you have not responded. If you serve a Notice of Appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly

SUMMONS - 1



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4872-1629-8797.1

so that your written response, if any, may be served on time.

**THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 8th day of August, 2022.

By _____
Bryan C. Graff, WSBA #38553
Michael Jay Brown, WSBA #9224
Brian D. Ernst, WSBA #57038
*Attorneys for Plaintiff*
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Tel: (206) 464-4224; Fax: (206) 583-0359
graff@ryanlaw.com; brown@ryanlaw.com
ernst@ryanlaw.com

SUMMONS - 2

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

4872-1629-8797.1

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| AMERICAN NORTHWEST DISTRIBUTORS, INC., a Washington corporation,<br><br>                                    Plaintiff,<br><br>    v.<br><br>FOUR ROSES DISTILLERY, LLC, a Delaware limited liability company,<br><br>                                    Defendant. | NO. 22-2-12506-3 SEA<br><br>**COMPLAINT FOR BREACH OF CONTRACT, STATUTORY VIOLATION, TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY, AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |

Plaintiff American Northwest Distributors, Inc. ("ANW") complains and alleges as follows:

### I.    PARTIES

1.    ANW is a duly licensed Washington corporation having its principal place of business in King County, Washington.

2.    Defendant Four Roses Distillery, LLC ("Four Roses") is a Delaware limited liability company with a principal place of business in Lawrenceburg, Kentucky, doing business in King County, Washington.

### II.    JURISDICTION AND VENUE

3.    This Court has original subject matter jurisdiction pursuant to RCW 2.08.010 as relief sought is in excess of $300.00.

4.    Venue is proper in this Court pursuant to RCW 4.12.025 because Four Roses

COMPLAINT - 1

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

4858-2884-0992.4

transacts business in King County, King County is a county where Four Roses' tortious interference was committed, ANW performed work for Four Roses in King County, and/or ANW's agreement with Four Roses was made in King County.

### III.    FACTS

5.    ANW is a wholesale distributor of wine and spirits. Founded in 2003, ANW serves customers in Washington, Oregon, and Idaho.

6.    Pilchuck Distributors, Inc. ("Pilchuck") was a distributor of spirits, who at some point prior to July 2015, entered into an agreement of distributorship (the "Agreement") with Four Roses, a distillery located in Lawrenceburg, Kentucky. Such agreement provided Pilchuck exclusive distribution rights to sell Four Roses Bourbon, a highly regarded and sought-after bourbon with origins dating to 1884.

7.    Incorporated into the Agreement are protections that, pursuant to RCW 19.126.040, "are deemed to be incorporated into every agreement of distributorship." Among other protections, a supplier (here, Four Roses) must provide a distributor (here, ANW) 60 days' prior written notice of its intent to terminate or cancel the Agreement. The notice must provide all reasons for the intended termination or cancellation. The statute provides that "Upon receipt of notice, the wholesale distributor has sixty days in which to rectify any claimed deficiency. If the deficiency is rectified within this sixty-day period, the proposed termination or cancellation is null and void and without legal effect."

8.    On July 3, 2015, ANW and Pilchuck entered into an Asset Purchase and Sale Agreement wherein ANW purchased certain property and assets of Pilchuck, including the distribution rights to Four Roses Bourbon. Such purchase was a "once in a lifetime" opportunity for ANW given the iconic and historic nature of the Four Roses brand. ANW's purchase of such distribution rights included therewith the protections identified above.

9.    On July 10, 2015, Four Roses executed a "Consent to Assignment" wherein Four Roses acknowledged the sale between Pilchuck and ANW and "agreed that Pilchuck may . . .

COMPLAINT - 2



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4858-2884-0992.4

assign all rights to distribute" Four Roses Bourbon to ANW.

10.     ANW's purchase of distribution rights from Pilchuck and Four Roses' explicit consent thereto constitutes a valid and binding contract (the "Contract").

11.     Beginning in July 2015, ANW served as the exclusive distributor of Four Roses Bourbon throughout Washington. This distribution Contract proved highly successful for ANW and allowed for significant sales opportunities for other spirits and wine within ANW's portfolio of offerings, as ANW's exclusive Washington distribution rights to Four Roses Bourbon, and ANW's successful distribution of the product, opened many retailers' doors to ANW – and their shelf space for other products – that ANW would not have otherwise enjoyed had it not purchased the distribution rights from Pilchuck with the consent of Four Roses.

12.     On June 1, 2020, Four Roses informed ANW of its intent to terminate the Contract with immediate effect. Four Roses did not provide any advance notice, much less 60 days' prior written notice, did not provide the reasons for the termination, and did not provide ANW an opportunity to "rectify any claimed deficiency," all in plain violation of RCW 19.126.040(2) and the Contract.

## IV.    BREACH OF CONTRACT

13.     ANW realleges and incorporates all preceding paragraphs as if fully set forth herein.

14.     ANW entered into an agreement with Four Roses on ANW's purchase of certain distribution rights from Pilchuck as acknowledged by Four Roses on July 10, 2015.

15.     Such agreement constitutes a valid and enforceable contract.

16.     Four Roses' termination of the Contract constitutes a breach of the Contract given that Four Roses failed to provide ANW 60 days' written notice of its intent to cancel ANW's distribution rights, and an opportunity to rectify any claimed deficiency, as required by the provisions of RCW 19.126.040(2) that, as a matter of law, were incorporated into and made a part of the Contract.

COMPLAINT - 3

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4858-2884-0992.4

17. Four Roses is liable to ANW for all damages caused by Four Roses' breach of the Contract in an amount to be proven at trial.

### V. VIOLATIONS OF RCW 19.126.040

18. ANW realleges and incorporates all preceding paragraphs as if fully set forth herein.

19. Certain protections are deemed incorporated into and made a part of every contract between a wholesale distributor and a supplier of spirits pursuant to RCW 19.126.040.

20. RCW 19.126.040(2) provides that a supplier of spirits, such as Four Roses, must give a wholesale distributor, such as ANW, "at least sixty days prior written notice of the supplier's intent to cancel or otherwise terminate" an agreement for the sale of spirits and such notice "must state all the reasons for the intended termination or cancellation. Upon receipt of notice, the wholesale distributor has sixty days in which to rectify any claimed deficiency. If the deficiency is rectified within this sixty-day period, the proposed termination or cancellation is null and void and without legal effect."

21. Four Roses failed to provide ANW 60 days' written notice of its intent to the Contract.

22. In terminating the Contract, Four Roses violated RCW 19.126.040(2).

23. A civil right of action is available to ANW for Four Roses' violation of RCW 19.126.040.

24. Four Roses is liable to ANW for all damages actually and proximately caused by Four Roses' violation of RCW 19.126.040, in an amount to be proven at trial, in addition to any further and equitable relief available.

### VI. TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

25. ANW realleges and incorporates all proceeding paragraphs as if fully set forth herein.

26. ANW has and has had valid and profitable business relationships and

COMPLAINT - 4

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

4858-2884-0992.4

expectancies with its actual and prospective clients. ANW's exclusive Washington distribution rights of Four Roses Bourbon greatly furthered such relationships because of the fame and quality of Four Roses bourbon, and the desirability to retailers and others of making the bourbon available to their customers.

27.    Retailers and others made purchases and made shelf space and other opportunities available to ANW, both for Four Roses Bourbon and ANW's other products, including other spirits and wines, because of their desire to foster a relationship with ANW and to be able to carry Four Roses Bourbon.

28.    Four Roses is and was aware of these relationships and expectancies, and knew or should have known that termination of the Contact without notice and an opportunity to rectify any claimed deficiencies would improperly interfere with ANW's business relationships and expectancies, all to ANW's material detriment.

29.    Four Roses interfered with ANW's contracts and business expectancies through improper means and/or with an improper purpose.

30.    ANW suffered monetary and reputational damage due to Four Roses' interference, including loss of revenue, loss of profits, loss of goodwill, loss of business relationships with actual and prospective clients, loss of competitive business advantage, opportunity and/or expectancy, and material loss in the value of ANW's business in a potential sale context and otherwise, all in amounts to be proven at trial.

## VII.    BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

31.    ANW realleges and incorporates all preceding paragraphs as if fully set forth herein.

32.    The Contract between ANW and Four Roses is subject to an implied covenant of good faith and fair dealing that all parties would act in good faith and with reasonable efforts to perform their contractual duties – both explicit and fairly implied – and not to impair the rights of the other party to receive and profit from its rights, benefits, and reasonable

COMPLAINT - 5



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4858-2884-0992.4

expectations under the Contract.

33.    Four Roses breached the implied covenant of good faith and fair dealing by, among other things, failing to provide ANW with 60 days' written notice of its intent to cancel the Contract with an opportunity to rectify any claimed deficiencies.

34.    ANW has been injured as a result of Four Roses' breach of the covenant of good faith and fair dealing and is entitled to damages in an amount to be proven at trial.

### VIII.    PRAYER FOR RELIEF

WHEREFORE, having stated its Complaint for Breach of Contract, Statutory Violation, Tortious Interference with Business Expectancy, and Breach of Covenant of Good Faith and Fair Dealing, ANW seeks the following relief:

1.    Judgment against Four Roses for all damages caused by Four Roses' actions in an amount to be proven at trial;

2.    Remedies enumerated pursuant to RCW 19.126 *et seq.* and other remedies allowed by law, given that RCW 19.126 *et seq.* does not provide the exclusive remedy available to ANW. *See Odom Corp. v. Pabst Brewing Co.*, No. C17-5279-RBL, 2017 WL 2313491, at *8 (W.D. Wash. May 26, 2017).

3.    An award of costs and attorneys' fees pursuant to RCW 19.126.060; and

4.    Such other and further relief as the Court may deem just and equitable.

DATED this 8th day of August, 2022.

By

Bryan C. Graff, WSBA #38553
Michael Jay Brown, WSBA #9224
Brian D. Ernst, WSBA #57038
*Attorneys for Plaintiff*
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Tel: (206) 464-4224; Fax: (206) 583-0359
graff@ryanlaw.com; brown@ryanlaw.com
ernst@ryanlaw.com

COMPLAINT - 6

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4858-2884-0992.4

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| American Northwest Distributors | No. 22-2-12506-3  SEA |
| vs | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| Four Roses Distillery | |
| | (CICS) |

**CAUSE OF ACTION**

COM - Commercial

**AREA OF DESIGNATION**

SEA          Defined as all King County north of Interstate 90 and including all of
Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah,
and North Bend, and all of Vashon and Maury Islands.

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| Inc. American Northwest Distributors | No. 22-2-12506-3 SEA |
| Plaintiff(s) | **ORDER SETTING CIVIL CASE SCHEDULE** |
| vs | **ASSIGNED JUDGE: . ., Dept. 10** |
| LLC FOUR ROSES DISTILLERY | FILED DATE: 08/08/2022 |
| Defendant(s) | TRIAL DATE:08/07/2023 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 08/08/2022» |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 01/17/2023 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 01/17/2023 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 01/30/2023 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 03/06/2023 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 04/17/2023 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 05/01/2023 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 05/01/2023 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 06/20/2023 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 07/10/2023 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 07/17/2023 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 07/17/2023 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 07/24/2023 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 07/31/2023 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 07/31/2023 |
| | Trial Date [*See KCLCR 40*]. | 08/07/2023 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:     08/08/2022

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule

7 governs these motions, which include discovery motions.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**  Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed order with the Clerk of the Court.**   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute orders electronically.  Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE