1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN NORTHWEST DISTRIBUTORS INC., <br><br> Plaintiff, <br><br> v. <br><br> FOUR ROSES DISTILLERY LLC, <br><br> Defendant. | Case No. 2:22-cv-01265-TMC <br><br> ORDER TO FILE AMENDED CORPORATE DISCLOSURE STATEMENTS |

This matter comes before the Court on Plaintiff American Northwest Distributors Inc.'s ("ANW") motion for partial summary judgment (Dkt. 79) and Defendant Four Roses Distillery LLC's motion for summary judgment (Dkt. 75). As part of its review of those motions, the Court has also reviewed the parties' corporate disclosure statements (Dkt. 3, 9) and requires clarification. The Court finds that Four Roses' filing does not provide enough information to assess diversity jurisdiction and therefore orders Four Roses to file an amended corporate disclosure statement within seven (7) days of the date of this Order that complies with Local Civil Rule 7.1 and provides information sufficient to assess the Court's jurisdiction. *See* LCR 7.1(a) (requiring a party to identify any member or owner in a joint venture or LLC); LCR 7.1(b) ("In diversity actions, for any person or entity identified in (a)(1) above, the corporate disclosure

statement must also list those states in which the party, owners, partners, or members are citizens.").

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal diversity jurisdiction exists over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). There must be complete diversity of citizenship between the opposing parties. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004).

To assess diversity jurisdiction involving a limited liability company, the Court must consider the domicile of all members of the LLC. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Separately, for corporations, "in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, and not its parent." *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (internal citation omitted). There is an exception to this rule of corporate citizenship if the subsidiary is the alter ego of the parent corporation. *Id.* To assist these determinations, Local Civil Rule 7.1(b) requires that corporate disclosure statements must "list those states in which the party, owners, partners, or members" of any disclosed entity "are citizens." *See* LCR 7.1(b).

Subject matter jurisdiction in this case is based on diversity of citizenship. *See* Dkt. 1 at 2. To analyze diversity jurisdiction, the Court must consider the domicile of all members of Defendant LLC Four Roses, as well as the citizenship of Plaintiff corporation ANW. *Johnson*, 437 F.3d at 899; *Danjaq*, 979 F.2d at 775. Four Roses' corporate disclosure statement does not identify the domiciles of its LLC members, *see* Dkt. 9.

Accordingly, pursuant to Local Civil Rule 7.1(b), the Court ORDERS Defendant Four Roses to file an amended corporate disclosure statement identifying the citizenship of every

ORDER TO FILE AMENDED CORPORATE DISCLOSURE STATEMENTS - 2

member of the Four Roses limited liability company. Four Roses shall file its amended corporate

disclosure statement as soon as possible but no later than August 22, 2024.

Dated this 16th day of August, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER TO FILE AMENDED CORPORATE DISCLOSURE STATEMENTS - 3